UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HAMIDREZA ARDANEH,

    *Plaintiff,*

v.

NORFOLK DISTRICT ATTORNEY, et al.,

    *Defendants.*

No. 25-cv-11424-PGL

## REPORT AND RECOMMENDATION FOR DISMISSAL AND ORDER OF REASSIGNMENT

LEVENSON, U.S.M.J.

### INTRODUCTION

This is a *pro se* case filed by a state pretrial detainee. He seeks various relief, including the dismissal of his state case, the removal of his state case to federal court, and his placement in federal custody. As set forth below, I will recommend that this action be dismissed without prejudice and the state criminal action be remanded. I will order the Clerk of this Court to reassign this matter to a district judge for consideration of this report and recommendation.

**I.     Allegations of the Complaint and Procedural Background**

On May 19, 2025, *pro se* Plaintiff Hamidreza Ardaneh, a state pretrial detainee confined in this District,[1] filed a complaint on the preprinted Pro Se 1 form ("Complaint for a Civil Case") provided by the Administrative Office of the United States Courts. *See* Docket No. 1. Named as

---

[1] At the time of his Complaint, Plaintiff was confined at Bridgewater State Hospital. *See* Docket No. 1, at 1. Since then, he has been moved to the Norfolk County Correctional Center. *See* Docket No. 5, at 1.

Defendants are the Norfolk District Attorney, the Wellesley Police Department, the Dedham District Court, District Court Judge Michael Pomarole, the "CPCS Attorneys of the Dedham District Court," the "Evaluators of the injustice system of the Massachusetts," and the Commonwealth of Massachusetts. *Id.* at 6 ("List of the Defendants"). Ardaneh alleges that on April 11, 2025, he was wrongfully arrested by the Wellesley Police on charges of harassment and assault and battery. *Id.* at 4. He further alleges that he was arraigned in Dedham District Court and held on a $5,000 bail, which he could not pay due to his indigence. *Id.*

The state court docket reflects that Ardaneh was charged on April 11, 2025, with criminal harassment (Mass. Gen. Laws ch. 265, § 43A) and assault and battery (Mass. Gen. Laws. ch. 265, § 13A(a)), and was arraigned that afternoon in Dedham District Court. *See Commonwealth v. Ardaneh*, No. 2554CR000465 (Dedham Dist. Ct. filed April 11, 2025). The docket also shows that the court found Ardaneh not competent to stand trial on May 28, 2025, and again on July 1, 2025. *See id.*

In his Complaint to this Court, Ardaneh requests, among other things, injunctive relief, "Dismissal of knowingly false Accusation complaint [sic]" (presumably meaning the dismissal of the state charges against him), and his transfer from Massachusetts custody to federal custody for "Federal Government Protection for [his] life and liberty." Docket No. 1, at 5. Ardaneh also references a 2016 prosecution by the Commonwealth and complains that "the Commonwealth used [his] wife to knowingly [and] falsely [accuse Ardaneh and jail him for eight years] without trial." *Id.* at 4. The Complaint also seems to address past conditions of confinement, alleging sexual harassment, "[r]eal hard torture," and attempts to "force [him to] be gay and to worship evil." *Id.* at 4–5.

Along with his Complaint, Ardaneh also filed an Application to Proceed in District Court without Prepaying Fees or Costs. Docket No. 3. Attached to the Complaint are 49 handwritten pages. *See* Docket Nos. 1-4 through 1-17. Those pages include—among other things—several pages of exposition addressed to this Court, *see* Docket No. 1-4, a purported notice of removal seeking to remove Ardaneh's state criminal prosecution to federal court, *see* Docket No. 1-6, and numerous writings that appear to be filings in Ardaneh's state case.

On June 20, 2025, the Clerk's Office received a 70-page filing titled "Legal Arguments for Supporting Removal Request," dated June 12, with a number of attachments, mostly handwritten. *See* Docket No. 7. Also on June 20, the Clerk's Office received an "emergency" motion from Ardaneh, dated June 9, which requests this Court to order the U.S. Marshals Service to remove Ardaneh from state custody and place him in federal custody to protect him from the state government. *See* Docket No. 8.

## II.     Order of Reassignment

Pursuant to General Orders 09-3 and 10-1, a case may be randomly assigned, at the time of filing, to a magistrate judge. Absent the parties' consent to the final assignment of this case to a magistrate judge, a magistrate judge is without jurisdiction to involuntarily dismiss an action. *See* 28 U.S.C. § 636(b)(1)(A).

This action was assigned to me under the above-described protocol. The parties have not consented to my jurisdiction in this case. I am aware that a consent form has been received by the clerk's office; however, it was not signed by all parties.

As discussed below, I conclude that this case is subject to dismissal. Accordingly, I ORDER that this action be reassigned to a district judge for consideration of my recommendation for dismissal of the civil case and remand of the criminal case.[2]

## III. Report and Recommendation

### A. *Ardaneh's Claims Are Barred by* Younger *Abstention Doctrine*

To the extent that Ardaneh challenges his state court prosecution, the *Younger* abstention doctrine bars such claims. The *Younger* abstention doctrine bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007). "[F]ederal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). Congress has consistently expressed an intention that "the state courts be allowed to conduct state proceedings free from interference by the federal courts." *Id.* at 16. Under the principles of *Younger*, "a federal court must abstain from hearing a case if doing so would

---

[2] In a civil context, some other district and magistrate judges in this circuit have found that a determination of remand is non-dispositive for purposes of 28 U.S.C. § 636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure and may therefore be decided by a magistrate judge without the parties' consent to magistrate judge jurisdiction. *See Delta Dental v. Blue Cross & Blue Shield*, 942 F. Supp. 740, 743–46 (D.R.I. 1996) (considering the question at length and holding that a motion to remand is non-dispositive); *see also Stefanik v. City of Holyoke*, 597 F. Supp. 2d 184, 185 (D. Mass. 2009) (collecting cases on the question); *cf. Unauthorized Prac. of L. Comm. v. Gordon*, 979 F.2d 11, 13 (1st Cir. 1992) (declining to decide the question).

In this case, a report and recommendation is required on the question of the involuntary dismissal of the civil case, so it makes sense to treat the entire matter as requiring determination by a district judge. Therefore, I need not determine whether a magistrate judge has authority to remand a criminal matter.

'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Sup. Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). "In fact, federal courts must 'abstain from interfering with state court proceedings even where defendants claim violations of important federal rights.'" *Watson v. Ordonez*, No. 17-cv-11871-NMG, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018) (quoting *In re Justices of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d at 17). Here, because the state court proceeding is ongoing, the *Younger* abstention doctrine precludes this Court from exercising jurisdiction.

### B. *Ardaneh's Request for Transfer to Federal Custody*

This Court cannot order or authorize Ardaneh's transfer from state to federal custody absent a statutory or other legal basis for such a transfer. Ardaneh has articulated no such basis, nor is any obvious from his filings.

### C. *Ardaneh's Notice of Removal*

Ardaneh seeks to remove his criminal prosecution to federal court. The current procedural posture is unusual, in that Ardaneh has both filed a civil suit and filed a notice of removal of a state criminal matter in a single set of filings. Separating these two matters into distinct dockets is unnecessary, however, because I recommend dismissal of the civil suit and remand of the criminal matter.[3]

---

[3] It is not clear that Ardaneh has properly removed his criminal case, given that he filed the notice of removal as an attachment to a civil complaint and did not attach required papers from the state court matter. *See* 28 U.S.C. § 1455(a) (requiring that a defendant's notice of removal of a criminal matter be accompanied by "a copy of all process, pleadings, and orders served upon" the defendant). Regardless, I assume for purposes of analysis that Ardaneh has effectively removed his criminal case, and the question now is whether the criminal case must be remanded.

The procedure for the removal of a criminal prosecution requires that, absent good cause for an exception, a notice of removal must be filed within 30 days of the arraignment in state court (or, lacking an arraignment, at any time before trial). 28 U.S.C. § 1455(b). Ardaneh was arraigned on April 11, 2025, *see Commonwealth v. Ardaneh*, No. 2554CR000465 (Dedham Dist. Ct. filed April 11, 2025), and his notice of removal, which accompanied his Complaint, reached the Clerk's Office on May 19, 2025, *see* Docket No. 1-6, at 1. The notice of removal was nonetheless likely timely under the so-called "prison mailbox rule," given that the latest date on any of the documents filed with the Complaint is May 9, 2025. *See, e.g.*, Docket No. 1-7, at 2; *see Casanova v. Dubois*, 304 F.3d 75, 79 (1st Cir. 2002) (holding that a prisoner's filing was completed when the prisoner deposited the filing in the prison's mail system). Ardaneh's subsequent filing titled "Legal Arguments for Supporting Removal Request," (Docket No. 7) dated June 12, 2025, and received by the Clerk's Office on June 20, 2025, is, however, untimely.

Timely or not, the removal notice, taken together with the subsequent filing in support, is substantively infirm. It does not state any cognizable ground for removal.

State defendants may remove state criminal prosecutions to federal court only in rare circumstances. *See* 28 U.S.C. § 1442(a) (providing for removal of certain civil and criminal cases against, *inter alia*, federal agencies and officers); § 1442a (providing for removal of certain civil and criminal cases against members of the armed forces); § 1443 (providing for removal of certain civil and criminal cases that could negatively affect the rights conferred by civil rights laws).

Sections 1442 and 1442a are clearly inapplicable; there is no suggestion that Ardaneh is an officer of any branch of the government or a member of the armed forces.

Section 1443 can apply to an ordinary citizen, but it does not apply in this case. Under 28 U.S.C. § 1443(1) and 1443(2), a defendant may remove the following classes of criminal prosecutions to federal court: (1) a prosecution "[a]gainst any person who is denied or cannot enforce" in the state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; and (2) a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443. Here, the Commonwealth's criminal proceeding against Ardaneh does not appear to fall into either category established in § 1443.

As to § 1443(1), Ardaneh's allegations do not provide this Court with any basis to reasonably believe that he cannot enforce his "equal civil rights" in state court. *See City of Greenwood v. Peacock*, 384 U.S. 808, 827–28 (1966) ("It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

Regarding the second subsection, removal is not proper under § 1443(2) because Ardaneh is not being prosecuted for an "act under color of authority" or for any act or refusal to act in connection with a law providing for equal rights. That is, there is no allegation that Ardaneh was himself acting as a law enforcement officer, or assisting a law enforcement officer,

7

nor is there any allegation that Ardaneh was acting under the aegis of a specific equal rights statute.

Accordingly, I recommend summary remand of the criminal case pursuant to 28 U.S.C. § 1455(b)(4). I note that the filing of a notice of removal does not stay the state court proceeding (except that it prevents a conviction from entering until the matter is remanded), unless the federal court determines, after an evidentiary hearing, that removal shall be permitted. *See* 28 U.S.C. § 1455(b)(3), (b)(5). As such, the state court proceeding is presently unaffected by Ardaneh's notice of removal, and the proceeding will be similarly unaffected by an order of remand issued by this Court.

## CONCLUSION

For the foregoing reasons,

I **RECOMMEND** that the Court (1) **DENY** Ardaneh's "emergency" motion (Docket No. 8); (2) **DISMISS** this action without prejudice under the *Younger* abstention doctrine; (3) **REMAND** Ardaneh's criminal case (*Commonwealth v. Ardaneh*, No. 2554CR000465 (Dedham Dist. Ct. filed April 11, 2025)) to the Massachusetts court; and (4) **DENY** as moot the Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 3).

I **ORDER** the Clerk to reassign this case to a district judge for consideration of this recommendation.

Dated: July 15, 2025

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

NOTICE OF RIGHT TO OBJECT

In accordance with Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b) or Federal Rule of Criminal Procedure 59(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).